UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHIRLEY MUMFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:13-cv-01483-TAB-RLY |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

I.  **Introduction**

Plaintiff Shirley Mumford appeals the final decision of the Commissioner denying her applications for disability insurance benefits and supplemental security income. The Administrative Law Judge denied her applications, finding Mumford's depression, post-traumatic stress disorder, mild hypertension, and back pain were not severe impairments. [Filing No. 18-2, at ECF p. 29.] For the reasons set forth below, Mumford's brief in support of appeal [Filing No. 22] is denied and the Commissioner's decision is affirmed.

II.  **Discussion**

The Social Security Administration has established a five-step sequential inquiry to determine whether an individual is disabled: whether the claimant (1) is engaging in substantial gainful activity, (2) has a medically determinable impairment or combination of impairments that is severe, (3) has a severe impairment that meets or medically equals a listed impairment in the Commissioner's regulations, (4) is able to perform past relevant work, and (5) is able to do any other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If at any step it is determined the claimant is not disabled, the evaluation ends and the claimant is not disabled. *Id*. Here, the

ALJ found Mumford not to have a severe impairment at step two. [Filing No. 18-2, at ECF p. 29.]

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "[T]he substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). The ALJ is required to consider all relevant medical evidence. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). "Although an ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Terry*, 580 F.3d at 477. The ALJ must provide a logical bridge building from the evidence to his conclusions. *Id*. at 475.

In support of her appeal, Mumford incorrectly asserts that the ALJ was required to follow Social Security Ruling 96-8p in his determination. [Filing No. 22, at ECF p. 2.] Social Security Ruling 96-8p includes the evidence that must be considered in the ALJ's residual functional capacity finding. However, "RFC is an issue only at Steps 4 and 5 of the sequential evaluation process." SSR 96-8p. Because the ALJ found no severe impairment in step two of the evaluation process, the evaluation ended. The ALJ was not required to consider Mumford's RFC. 20 C.F.R. § 404.1520(a)(4). Only if the ALJ finds an impairment severe at step two must the ALJ determine whether the impairment meets or is equivalent to a listing, and subsequently requires an RFC determination. *Craft v. Astrue*, 539 F.3d 668, 675 (7th Cir. 2008). Thus, Mumford's argument fails.

Mumford also argues that her case was not fully developed for three reasons. First, Mumford asserts that she was "handicapped in helping [her] attorney prepare the case due to [her] depression, a lack of energy, lack of sleep, lack of focus, low self-esteem, fighting back

tears, feelings of self-worthlessness and constant pain," and that these conditions rendered her unfit to adequately participate in the hearing. Second, Mumford argues it was a mistake for neither the ALJ nor her attorney to ask her about her PTSD at the hearing. [Filing No. 22, at ECF p. 1.] Finally, she asserts that the ALJ did not adequately consider the severity of her depression because he failed to ask why she had not followed through on her treating physician's recommendations to cope with her depression. [Filing No. 22, at ECF p. 2.] Mumford fails to develop these arguments and her brief lacks any citation to relevant authority. Thus, her arguments are waived. "Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived." U.S. v. Elst, 579 F.3d 740, 747 (7th Cir. 2009).

Nevertheless, the Court reviews the ALJ's decision to determine whether substantial evidence supports his finding that Mumford did not suffer from a severe impairment. It does. An impairment is severe if it "significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see also* Truax v. Barnhart, No. 1:05-cv-01913-DFH-TAB, 2006 WL 3240523, at *5 (S.D. Ind. Sept. 29, 2006). Basic work activities include "(1) physical functions such as walking, standing, sitting, lifting, pushing, reaching, carrying or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).

The ALJ found Mumford's mental impairments were not severe because her daily living, social functioning, and concentration, persistence, or pace did not affect her ability to work, as set forth in paragraph B for evaluating mental disorders. *See* 20 C.F.R. § 404.1520a(c)(3). In making this determination, the ALJ relied on Mumford's medical records, testimony of Mumford

3

and her daughter, and Mumford's receipt of unemployment benefits. The ALJ found no evidence of anti-psychotic medications, inpatient counseling, or psychiatric commitments that would be consistent with a severe mental impairment. [Filing No. 18-2, at ECF p. 27.] The ALJ considered Dr. Gange's findings that Mumford suffered from a non-severe impairment of depression based on the "totality of the evidence." [Filing No. 18-2, at ECF p. 26; Filing No. 18-7, at ECF p. 306.] Dr. Gange found Mumford suffered from a disturbance of mood, anxiety, and PTSD, but found mild or no limitation of daily living, social functioning, maintaining concentration, persistence, or pace, and no episodes of decompensation. [Filing No. 18-7, at ECF p. 304.] The ALJ found this consistent with the testimony. Mumford and her daughter testified that Mumford attended to her personal care, prepared meals, performed household chores, drove, shopped, managed her personal finances, and spoke with her son and daughter daily. [Filing No. 18-2, at ECF p. 26-27; Filing No. 18-6, at ECF p. 175-79; Filing No. 18-6, at ECF p. 212-17.] The ALJ also considered Mumford's unemployment benefits through the first quarter of 2010, and her failure to follow her physician's recommendations because she claimed she was too busy moving. [Filing No. 18-2, at ECF p. 28; Filing No. 18-5, at ECF p. 136-38; Filing No. 18-7, at ECF p. 335.] *See Schmidt v. Barnhart*, 395 F.3d 737, 746 (7th Cir. 2005) (finding that an ALJ may consider unemployment benefits in addition to other factors for the purposes of credibility).

Ultimately, the ALJ found (1) no restriction in Mumford's daily living, (2) mild limitation in her social functioning, (3) mild limitation in her concentration, persistence, or pace, and (4) no episodes of decompensation. [Filing No. 18-2, at ECF p. 26.] Absent any significant limitation in a claimant's daily living, social functioning, concentration, persistence, or pace, an ALJ "will generally conclude that [a claimant's mental] impairment(s) is not severe." 20 C.F.R.

4

§ 404.1520a(d)(1); *See also* Craft, 539 F.3d at 675. The same is true if the ALJ finds no episode of decompensation. *Id*. Therefore, there was no error.

There is also substantial evidence to support the ALJ's finding that Mumford did not suffer from a severe physical impairment. The ALJ's finding was consistent with the consultative physical examination that found no severe physical conditions. [Filing No. 18-2, at ECF p. 26; Filing No. 18-7, at ECF p. 345-49.] Likewise, her treating physician noted she was doing well and her mildly elevated creatinine levels were likely due to her age and history of hypertension. [Filing No. 18-2, at ECF p. 25; Filing No. 18-7, at ECF p. 324.] Her hypertension and elevations of blood pressure were also controlled with medication. [Filing No. 18-2, at ECF p. 25; Filing No. 18-8, at ECF p. 363.] The ALJ did not err in his findings. Remand is not appropriate.

### III. Conclusion

For the foregoing reasons, Mumford's brief in support of appeal [Filing No. 22] is denied and the Commissioner's decision is affirmed.

Date: 3/25/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Shirley Mumford
8905 Evergreen Ave., Apt. 462
Indianapolis, IN 46240

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov